■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STACIA SMITH, Appellant. [757 NYS2d 491] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered October 16, 2001, convicting her of attempted criminal possession of a controlled substance in the third degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

By pleading guilty before making a motion to suppress evidence on the ground that a search warrant was improperly issued, the defendant waived her claim and thus failed to preserve the issue for appellate review (*see People v Corti,* 88 AD2d 345, 347 [1982]).

The defendant's contention that she was denied the effective assistance of counsel because she and her codefendant were jointly represented by the same attorney is unpreserved for appellate review since she never moved to withdraw her plea on that ground (*see People v Rowe,* 277 AD2d 403 [2000]). In addition, contrary to the defendant's other claims of ineffective assistance of counsel, the record reveals that she received meaningful representation (*see People v Baldi,* 54 NY2d 137 [1981]). The defendant's attorney negotiated an advantageous plea agreement that substantially limited her exposure to imprisonment (*see People v Mobley,* 221 AD2d 376 [1995]).

The defendant's contention that the judgment of conviction should be reversed because of an alleged defect in the felony complaint is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Smith,* 293 AD2d 764, 765 [2002]). In any event, even if the felony complaint was defective, it was superseded by a valid indictment, rendering any claim regarding a purported defect in the felony complaint academic (*id.*).

The defendant's remaining contentions are without merit. Altman, J.P., Smith, Adams and Cozier, JJ., concur.