■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BETH MODICA, Appellant. [914 NYS2d 266]—

Appeals by the defendant from (1) a decision of the County Court, Rockland County (Bartlett, J.), dated March 12, 2010, and (2) an order of the same court entered March 23, 2010, which, after a hearing, designated her a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

By judgment of the County Court, Rockland County (Bartlett, J.), rendered July 9, 2008, the defendant was convicted of rape in the third degree and criminal sexual act in the third degree, both class E felonies. The charges arose from incidents in the summer of 2007, when the defendant, then 43 years old with no prior contact with the criminal justice system, supplied alcohol to and engaged in sexual contact with two teenaged boys, ages 15 and 16 respectively.

At issue here is the adjudication of the defendant as a level two sex offender. The Board of Examiners of Sex Offenders (hereinafter the Board), in examining her risk factors, assessed her with 100 points, rendering her presumptively a level two sex offender. However, the Board recommended a downward departure from her presumptive risk level to level one.

The County Court Judge properly declined to recuse herself from hearing the case based upon allegations of bias. Absent a legal disqualification under Judiciary Law § 14, which is not present here, the Judge is generally the sole arbiter of recusal, since a decision on whether to recuse herself or himself is a "discretionary decision . . . within the personal conscience of the court" (*People v Moreno*, 70 NY2d 403, 405 [1987]; *see Matter of Malinda V.*, 221 AD2d 549 [1995]).

There is no dispute that the defendant was properly assessed 100 points, rendering her presumptively a level two sex offender. A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v Burke*, 68 AD3d 1175, 1176 [2009]; *People v Walker*, 47 AD3d 692, 693 [2008] [internal quotation marks omitted]). Where the Board recommends a downward departure, there must be clear

and convincing evidence that there were mitigating factors that were not properly taken into account by the guidelines (*see People v Walker*, 47 AD3d 692 [2008]). The defendant failed to meet that burden.

In considering risk factor 2 relating to the sexual contact with the victim, the Board or a court "may choose to depart downward in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points in this category results in an over-assessment of the offender's risk to public safety" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 9 [2006]). There is precedent for such a downward departure, where the defendant's age was "not significantly disparate from defendant's" (*People v Burke*, 68 AD3d at 1176; *see People v Goossens*, 75 AD3d 1171 [2010]). In the instant case, on the other hand, the defendant was more than 25 years older than her victims.

The defendant's remaining contentions are without merit.

Accordingly, the defendant was properly adjudicated a level two sex offender. Skelos, J.P., Eng, Belen and Lott, JJ., concur.