■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v ANTHONY BOWDEN, Appellant. [931 NYS2d 640]—

The Supreme Court's designation of the defendant as a level two sex offender, based upon the aggregation of points under applicable risk factors on the risk assessment instrument, was

supported by clear and convincing evidence (*see* Correction Law § 168-d [3]; *People v Pettigrew*, 14 NY3d 406, 408-409 [2010]; *People v Crum*, 81 AD3d 619 [2011]; *People v King*, 80 AD3d 681 [2011]).

The defendant contends that the Supreme Court erred in denying his application for a downward departure from risk level two to risk level one. "[A] court may not [downwardly] depart from the presumptive risk level unless it concludes that there exists . . . [a] mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006] [hereinafter commentary]). The commentary provides that one such mitigating factor might be present "in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [under risk factor 2] results in an over-assessment of the offender's risk to public safety" (*id.* at 9). The defendant, as the proponent of the application for a downward departure, has the burden of proving facts establishing the existence of this mitigating factor by a preponderance of the evidence; satisfaction of this burden is the threshold condition to the court's exercise of discretion to grant or deny the application for downward departure, while failure to meet the burden requires denial of the application (*see People v Wyatt*, 89 AD3d 112 [2011]).

Here, the Supreme Court denied the defendant's application for a downward departure upon finding that he had failed to meet his "burden of providing clear and convincing evidence" in support of this mitigating factor. While the Supreme Court did not make a finding based upon the preponderance of the evidence standard, remittal is not required where, as here, the record is sufficient for this Court to make its own findings of fact and conclusions of law (*see People v Vega*, 79 AD3d 718, 719 [2010]). On the record presented, the defendant failed to meet his burden of establishing by a preponderance of the evidence that the victim's lack of consent was "due *only* to inability to consent by virtue of age" and that the points under risk factor 2 resulted in an "over-assessment" of his risk to public safety (commentary at 9 [emphasis added]). In addition, the defendant failed to adduce facts in support of any other mitigating factor not adequately taken into account by the risk assessment instrument. Accordingly, a downward departure was not warranted, and the Supreme Court properly denied the defendant's application (*see People v Wyatt*, 89 AD3d 112 [2011]). Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.