974

■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v MARSHALL ROSADO, Appellant. [931 NYS2d 526]—

The Supreme Court properly determined that the defendant was not entitled to a downward departure from his presumptive risk level and, thus, properly designated him a level two sex offender (*see People v Wyatt*, 89 AD3d 112 [2011]; *People v Livingston*, 87 AD3d 628 [2011]; *People v Alston*, 86 AD3d 553, 554 [2011]; *People v Rodriguez*, 67 AD3d 596, 597 [2009]; *People v Adams*, 44 AD3d 1020 [2007]; *People v Wragg*, 41 AD3d 1273, 1274 [2007]; *cf. People v Stevens*, 55 AD3d 892, 894 [2008]).

The defendant's remaining contention is without merit. Dillon, J.P., Balkin, Eng and Cohen, JJ., concur.

■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v LEMAR THOMAS, Appellant. [931 NYS2d 526]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *see also People v Diaz*, 76 AD3d 673 [2010]; *People v Kendle*, 47 AD3d 783 [2008]). Skelos, J.P., Chambers, Sgroi and Miller, JJ., concur.