THE PEOPLE OF STATE OF NEW YORK, Respondent, v WHAT-KEY MARTIN, Appellant. [934 NYS2d 321]—

The Board of Examiners of Sex Offenders (hereinafter the Board), assessed the defendant as a presumptive level three sexually violent offender based upon a total risk factor score on the risk assessment instrument of 140 points. At a hearing pursuant to Correction Law article 6-C, the Supreme Court deducted 20 points from the defendant's risk assessment score, leaving the defendant with a risk assessment score of 120 points and a presumptive level three offender status. The defendant requested a downward departure from his presumptive risk level status. The defendant's application was denied and the court designated him a level three sexually violent offender.

On appeal, the defendant contends that the Supreme Court improvidently exercised its discretion in denying his application for a downward departure from his presumptive risk level status. The defendant's contention is without merit.

A court has the discretion to depart from the presumptive risk level, as determined by use of the risk assessment instrument, based upon the facts in the record (see People v Colavito, 73 AD3d 1004, 1005 [2010]; People v Taylor, 47 AD3d 907, 907-908 [2008]). However, a court may not downwardly depart from the presumptive risk level unless it concludes that there exists a mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines (see People v Bowden, 88 AD3d 972, 972 [2011]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]).

"The defendant, as the proponent of the application for a downward departure, has the burden of proving facts establishing the existence of this mitigating factor by a preponderance of the evidence" (People v Bowden, 88 AD3d at 973; see People v Wyatt, 89 AD3d 112, 127 [2011]). The defendant's successful factual showing does no more than furnish the threshold condition to permit the court to exercise its discretion to grant or deny the departure application based upon an examination of all circumstances relevant to the offender's risk of reoffense and

danger to the community (*see People v Wyatt* at 128; *People v Bowden*, 88 AD3d at 972). A defendant's failure to sustain this initial burden requires the court to deny the application for a downward departure (*see People v Wyatt* at 128).

Here, the defendant failed to demonstrate, by a preponderance of the evidence, the existence of a mitigating factor of a kind, or to a degree, that was not adequately taken into account by the risk assessment guidelines (*id.*; *see People v Bowden*, 88 AD3d at 972; *see also* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]). Accordingly, the Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level status (*see People v Rosado*, 88 AD3d 974 [2011]). Rivera, J.P., Leventhal, Roman and Sgroi, JJ., concur.