■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LINTON, Appellant. [942 NYS2d 371]—Appeal by the defendant from an order of the Supreme Court, Kings County (Marrus, J.), dated November 17, 2009, which, after a hearing, designated him a level three sex offender and a sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court did not improvidently exercise its discretion in declining to downwardly depart from the presumptive risk level, since the defendant failed to establish a ground for a downward departure by a preponderance of the evidence (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *People v Fernandez*, 91 AD3d 737 [2012]; *People v Wyatt*, 89 AD3d 112, 129-130 [2011], *lv denied* 18 NY3d 803 [2012]).

Although a defendant in a SORA proceeding may be entitled to the appointment of an expert upon a court's finding that expert services are necessary (*see* County Law § 722-c), the Supreme Court here did not err in declining the defendant's

request for the appointment of a psychiatrist to assist him in seeking a downward departure. The defendant did not establish that appointment of an expert was necessary. Moreover, the denial of the defendant's request did not violate his right to due process of law (*cf. Ross v Moffitt*, 417 US 600, 616 [1974]). Balkin, J.P., Leventhal, Roman and Sgroi, JJ., concur.