A court has the discretion to depart from the presumptive *976 risk level based upon the facts in the record, but a departure from the presumptive risk level is warranted only where there exists an aggravating factor or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the Sex Offender Registration Act guidelines (see People v Henry, 91 AD3d 927, 927 [2012]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter the Guidelines]). There must be clear and convincing evidence of a special circumstance to warrant an upward departure from the presumptive risk level (see People v Henry, 91 AD3d at 927; People v Wyatt, 89 AD3d 112, 120 [2011]). A defendant seeking a downward departure has the initial burden of “establishing the facts in support of its existence by a preponderance of the evidence” (People v Wyatt, 89 AD3d at 128; see People v Watson, 95 AD3d 978, 979 [2012]).
Where an aggravating or mitigating factor is shown to exist, the Board or a court “may” choose to depart if the factor indicates that the point score on the risk assessment instrument has resulted in an overassessment or underassessment of the offender’s actual risk to public safety (Guidelines at 7, 9, 14; see People v Wyatt, 89 AD3d at 121). “Accordingly, a sufficient evidentiary showing of facts establishing the existence of an appropriate aggravating or mitigating factor is the threshold condition triggering the court’s discretionary authority to depart from the presumptive risk level” (People v Wyatt, 89 AD3d at 121). Where the legal threshold condition has been met, reversal is warranted where the determination as to whether to depart constituted an improvident exercise of discretion given the circumstances of the case.
Here, the defendant was assessed a total risk factor score of 75 points, making him a presumptive level two sexually violent offender. Although we conclude that the Supreme Court providently exercised its discretion in declining to downwardly depart from presumptive risk level two to risk level one, we nevertheless conclude that, under the circumstances of this case, the Supreme Court should not have upwardly departed from presumptive risk level two to risk level three. We note that the People never requested an upward departure from the presumptive risk level and that the court did so on its own initiative despite the fact that the defendant’s total risk factor score placed him at the extreme low end of the range of scores encompassing level two sex offenders. Furthermore, some of the factors cited by the Supreme Court in support of its upward departure from the defendant’s presumptive risk level two designation, including the defendant’s lack of remorse for the *977 victim, were adequately taken into account by the Guidelines (see People v Campbell, 98 AD3d 5, 14 [2012]; People v Cohen, 73 AD3d 1003, 1004 [2010]; see also Guidelines at 15-16; cf. People v Fuller, 83 AD3d 1025, 1026 [2011]; People v Vega, 79 AD3d 718, 719 [2010]; People v Smith, 78 AD3d 917, 918-919 [2010]; People v Peana, 68 AD3d 737, 737 [2009]). The remaining circumstances not taken into account by the Guidelines do not, under the circumstances, warrant an upward departure, and the Supreme Court improvidently exercised its discretion to the extent it based its determination upon them (cf. People v Stevens, 55 AD3d 892, 894 [2008]; People v Abdullah, 31 AD3d 515, 516 [2006]). Accordingly, the defendant should have been designated a level two sexually violent offender. Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.