The People bear the burden of establishing, by clear and convincing evidence, the facts supporting the assessment of points under the Guidelines issued by the Board of Examiners of Sex Offenders under New York’s Sex Offender Registration Act (hereinafter SORA) (see Correction Law § 168, et seq.; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Harris, 100 AD3d 727 [2012]; People v Thompson, 95 AD3d 977, 977 [2012]).
Here, as the defendant correctly contends, the People did not meet their burden of establishing that the defendant and the victim were strangers to each other. To the contrary, the evidence established that the victim had known the defendant since the defendant was a young boy and, even though she did not know his name, she knew his nickname. Under these circumstances, the Supreme Court erred in assessing points under risk factor 7: Relationship Between Offender and Victim (see Guidelines at 2; People v McGraw, 24 AD3d 525, 526 [2005]).
Nonetheless, the Supreme Court’s proper assessments of points in other categories, including the remaining categories that the defendant challenges on appeal, were sufficient to establish that the defendant was presumptively a level three offender. The fact that assessments in several of the categories may have stemmed from the defendant’s mental illness did not result in impermissible double counting. The assessments in these categories “represent cumulative, not duplicative, predictors of re-offense” (People v Pietarniello, 53 AD3d 475, 476 [2008]; cf People v Howell, 82 AD3d 857, 857 [2011]).
Moreover, the Supreme Court did not have the discretion to downwardly depart from the presumptive risk level. A court has the discretion to downwardly depart from the presumptive risk level in a SORA proceeding only after a defendant makes a twofold showing. First, a defendant must identify as a matter of *979 law, an appropriate mitigating factor, namely, a factor which “tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines” (People v Wyatt, 89 AD3d 112, 124 [2011]). Second, a defendant must prove by a preponderance of the evidence the facts necessary to support that mitigating factor (id. at 114, 124). In the absence of that twofold showing, the court lacks discretion to depart from the presumptive risk level (see People v Martin, 90 AD3d 728, 728-729 [2011]; People v Wyatt, 89 AD3d at 124). Here, the defendant failed to make that showing. Rivera, J.P., Balkin, Leventhal and Hinds-Radix, JJ., concur.