■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER B. WASHINGTON, Appellant. [961 NYS2d 790]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated June 23, 2011, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A court has the discretion to downwardly depart from the presumptive risk level in a proceeding under the Sex Offender Registration Act (*see* Correction Law § 168 *et seq.*; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary

[2006]), only after the defendant has made a twofold showing. First, the defendant must identify "as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines" (*People v Wyatt*, 89 AD3d 112, 128 [2011]; *see People v Madison*, 98 AD3d 573, 574 [2012]; *People v Martin*, 90 AD3d 728, 728 [2011]; *People v Peeples*, 98 AD3d 491, 491-492 [2012]). Second, the defendant must prove by a preponderance of the evidence the facts necessary to support that mitigating factor (*see People v Wyatt*, 89 AD3d at 128). In the absence of that twofold showing, the court lacks discretion to downwardly depart from the presumptive risk level (*see People v Martin*, 90 AD3d at 728-729; *People v Wyatt*, 89 AD3d at 128).

Upon remittal after the first appeal in this case (*see People v Washington*, 84 AD3d 910 [2011]), the County Court properly determined that the defendant had failed to establish by a preponderance of the evidence that his response to treatment was "exceptional" (*id. at* 911; *see People v Wyatt*, 89 AD3d at 127-128; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]). Consequently, the court properly denied the defendant's application for a downward departure (*see People v Martinez*, 104 AD3d 924 [2013]; *People v Peeples*, 98 AD3d at 491-492). Balkin, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.