■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL ARROYO, Appellant. [963 NYS2d 349]—

Appeal by the defendant from an order of the Supreme Court, Westchester County (Cohen, J.), entered August 13, 2010, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A court has the discretion to downwardly depart from the presumptive risk level in a proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA) only after a defendant makes a twofold showing. First, a defendant must identify, as a matter of law, an appropriate mitigating factor, namely, a factor which "tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines" (*People v Wyatt*, 89 AD3d 112, 124 [2011]). Second, a defendant must prove by a preponderance of the evidence the facts necessary to support the applicability of that mitigating factor (*see id.* at 114, 124). In the absence of that twofold showing, the court lacks discretion to depart from the presumptive risk level (*see People v Shephard*, 101 AD3d 978, 979 [2012]; *People v Wyatt*, 89 AD3d at 124). Contrary to the defendant's contention, he failed to make the requisite showings and, therefore, the Supreme Court did not have the discretion to depart from the presumptive risk level (*see People v Shephard*, 101 AD3d at 978). Skelos, J.P., Leventhal, Hall and Lott, JJ., concur.