■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN BENJAMIN, Appellant. [963 NYS2d 336]—

Appeal by the defendant from an order of the Supreme Court,

Kings County (Foley, J.), dated August 4, 2011, which, after a hearing, designated him a level two sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant contends that the Supreme Court erred in denying his application, following a risk assessment hearing, for a downward departure from a presumptive risk level two designation to a risk level one designation pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA). A court has the discretion to downwardly depart from the presumptive risk level in a SORA proceeding only after a defendant makes a twofold showing. First, the defendant must identify "as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines" (*People v Wyatt*, 89 AD3d 112, 128 [2011]; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Second, the defendant must prove by a preponderance of the evidence the facts necessary to support that mitigating factor (*see People v Wyatt*, 89 AD3d at 128).

Here, the defendant failed to satisfy the threshold condition of identifying an appropriate mitigating factor. The scholarly articles and other publications cited by the defendant in his appellate brief do not constitute "relevant materials and evidence submitted by the sex offender" (Correction Law § 168-n [3]), and are therefore "outside the record on appeal" (*People v DeDona*, 102 AD3d 58, 70 [2012]). Since the defendant failed to establish before the Supreme Court that any of the factors he cited "tend[ ] to establish a lower likelihood of reoffense or danger to the community" (*People v Wyatt*, 89 AD3d at 128), the Supreme Court properly denied the defendant's application for a downward departure (*see People v Shephard*, 101 AD3d 978, 978-979 [2012]). Mastro, J.P., Austin, Cohen and Miller, JJ., concur.