■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARION HENRY, Appellant. [964 NYS2d 612]—

Appeal by the defendant from an order of the Supreme Court, Kings County (D'Emic, J.), dated December 9, 2011, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A court has the discretion to downwardly depart from the presumptive risk level in a proceeding pursuant to New York's Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]) only after a defendant makes a twofold showing. First, a defendant must identify, as a matter of law, an appropriate mitigating factor, namely, a factor which "tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines" (*People v Wyatt*, 89 AD3d 112, 124 [2011]). Second, a defendant must prove by a preponderance of the evidence the facts necessary to support that mitigating factor (*id.* at 114, 124). In the absence of that twofold showing, the court lacks discretion to depart from the presumptive risk level (*see People v Shephard*, 101 AD3d 978, 978-979 [2012]; *People v Wyatt*, 89 AD3d at 124). Contrary to the defendant's contention, he failed make the requisite twofold showing and, therefore, the Supreme Court did not have the discretion to depart from the presumptive risk level (*see People v Shephard*, 101 AD3d at 979). Rivera, J.P., Leventhal, Austin and Miller, JJ., concur.