■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERLON HUTCHINSON, Appellant. [965 NYS2d 612]—

Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Kron, J.), rendered February 14, 2012, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed March 1, 2012.

Ordered that the appeal from so much of the judgment as imposed the sentence is dismissed, as that portion of the judgment was superseded by the resentence; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that the resentence is affirmed.

Contrary to the defendant's contention, the prosecutor's comments during summation did not deprive him of a fair trial, as the challenged comments were a fair response to the defendant's attack on the credibility of the complainant, did not denigrate the defense, and were within the bounds of appropriate argument based on the evidence (see People v Galloway, 54 NY2d 396, 399 [1981]; People v Ashwal, 39 NY2d 105, 109-110 [1976]; People v Flowers, 102 AD3d 885, 886 [2013]; People v Fortune, 70 AD3d 964, 965 [2010]; People v Barnes, 33 AD3d 811, 812 [2006]; People v Alvarado, 262 AD2d 651, 652 [1999]; People v Glenn, 140 AD2d 623 [1988]).

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). Eng, P.J., Dillon, Dickerson and Chambers, JJ., concur.