■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS OLOGBONJAIYE, Appellant. [971 NYS2d 126]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Sullivan, J.), dated June 7, 2010, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court's designation of the defendant as a level three sex offender under the Sex Offender Registration Act (hereinafter SORA) was supported by clear and convincing evidence (*see* Correction Law art 6-C; *People v Dong V. Dao*, 9 AD3d 401, 401-402 [2004]). Contrary to the defendant's contention, the court properly assessed him 15 points under risk factor 11 for a history of drug abuse (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; *People v Quinn*, 99 AD3d 776 [2012]; *People v Crandall*, 90 AD3d 628, 630 [2011]; *People v Johnson*, 77 AD3d 548, 549 [2010]; *People v Gonzalez*, 48 AD3d 284 [2008]; *see also People v Palmer*, 20 NY3d 373, 377-379 [2013]). The defendant was also properly assessed points under risk factor 7 because he was a stranger to the victim (*see People v Hewitt*, 73 AD3d 880, 881 [2010]; *People v Mabee*, 69 AD3d 820, 820 [2010]). The defendant's contention that he was improperly assessed points under that portion of risk factor 12 which accounts for "[n]ot accepted responsibility/refused or expelled from treatment" is without merit. It is undisputed that the defendant was expelled from the prison sex offender counseling program and that he thereafter refused to return to that program (*see People v Rouff*, 49 AD3d 517 [2008]; *People v Lewis*, 37 AD3d 689 [2007]; *see also*

*People v Mabee*, 69 AD3d at 820). There is no merit to the defendant's contention that the court, in effect, "double-counted" points with respect to risk factors 12 and 13 (*see People v Vaughn*, 26 AD3d 776 [2006]; *see also People v Stevens*, 48 AD3d 536 [2008]; *People v Davenport*, 38 AD3d 634 [2007]).

The defendant was not entitled to a downward departure. A court has the discretion to downwardly depart from the presumptive risk level in a proceeding pursuant to SORA (*see* Correction Law art 6-C) only when the defendant makes a twofold showing (*see People v Arroyo*, 105 AD3d 926 [2013]). The defendant must first identify, as a matter of law, an appropriate mitigating factor, namely, a factor which "tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines" (*People v Wyatt*, 89 AD3d 112, 124 [2011]; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Next, the defendant must prove by a preponderance of the evidence the facts necessary to support the applicability of that mitigating factor (*see People v Wyatt*, 89 AD3d at 124). In the absence of this twofold showing, the court lacks discretion to depart from the presumptive risk level (*see People v Arroyo*, 105 AD3d 926 [2013]; *People v Shephard*, 101 AD3d 978, 979 [2012]; *People v Wyatt*, 89 AD3d at 124). Here, the defendant failed to make the requisite showings. Consequently, the Supreme Court did not have the discretion to depart from the presumptive risk level (*see People v Arroyo*, 105 AD3d 926 [2013]; *People v Shephard*, 101 AD3d 978 [2012]). Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.