■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT VIOLATE, Appellant. [977 NYS2d 357]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Guzman, J.), dated September 22, 2011, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that order is affirmed, without costs or disbursements.

A downward departure from a sex offender's presumptive risk level generally is only warranted where there exists a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the Sex Offender Registration Act (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; People v Guzman, 110 AD3d 863 [2013]; People v Fryer, 101 AD3d 835, 836 [2012]; People v Fernandez, 91 AD3d 737 [2012]). A sex offender seeking a downward departure has the initial burden of showing the existence of an appropriate mitigating factor in order to "establish the threshold condition for the SORA court's exercise of its discretion" to grant or deny the application (People v Wyatt, 89 AD3d 112, 128 [2011]). "[T]he sex offender meets this threshold condition by satisfying a twofold showing: (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (id. at 128; see People v Guzman, 110 AD3d 863 [2013]; People v Fryer, 101 AD3d at 836). Here, the defendant failed to make the requisite twofold showing (see People v Benjamin, 105 AD3d 926, 927 [2013]; People v Fryer, 101 AD3d at 836; People v Harris, 93 AD3d 704, 706 [2012]; People v Wyatt, 89 AD3d at 129-130; People v Modica, 80 AD3d 590, 592 [2011]). Accordingly, the Supreme Court lacked the discretion to depart from the presumptive risk level (see People v Henry, 106 AD3d 796 [2013]; People v Arroyo, 105 AD3d 926 [2013]; People v Shephard, 101 AD3d 978, 979 [2012]). Eng, P.J., Skelos, Dillon and Sgroi, JJ., concur.