■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORDAN MARSH, Appellant. [983 NYS2d 91]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated October 14, 2011, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the defendant is designated a level one sex offender.

In early 2005, when the defendant was 26 years old, he had

sexual intercourse in New Hampshire with a 15-year-old girl. For that crime, the defendant was convicted of felonious sexual assault, which prohibits sexual intercourse with a victim who is under 16 years of age where the age difference between the defendant and the victim is four years or more (*see* NH Rev Stat Ann § 632-A:3 [II]). The defendant became subject to New York's Sex Offender Registration Act (hereinafter SORA) (*see* Correction Law § 168 *et seq.*) upon moving to New York (*see* Correction Law §§ 168-a [2] [d]; 168-k). In 2011, the Supreme Court conducted a SORA hearing and designated the defendant a level two sex offender, declining to downwardly depart from the presumptive risk level. The defendant appeals.

The People bear the burden of establishing, by clear and convincing evidence, the facts supporting the assessment of points under the Guidelines issued by the Board of Examiners of Sex Offenders under SORA (*see* Correction Law § 168-n [3]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; *People v Harris*, 100 AD3d 727, 727 [2012]; *People v Thompson*, 95 AD3d 977, 977 [2012]). On appeal, the defendant first contends that the hearing court erroneously assessed him 15 points under risk factor 11 (Drug or Alcohol Abuse), based on his alleged use of marijuana. The Guidelines provide for points in this category because drug and alcohol abuse are "highly associated" with sex offending, not as a cause of offending, but as a "disinhibitor and therefore . . . a precursor to offending" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15). Under risk factor 11, possession of marijuana does not, in itself, amount to drug abuse (*see People v Thompson*, 95 AD3d at 978; *cf. People v Palmer*, 20 NY3d 373 [2013]). There was no evidence presented at the hearing that the defendant ever abused marijuana. Therefore, we agree with the defendant that the hearing court erred in assessing points under this risk factor (*see People v Thompson*, 95 AD3d at 978).

Even after deducting the 15 points assessed under risk factor 11, the defendant is still a presumptive level two sex offender. The defendant thus further contends that the hearing court improvidently exercised its discretion in denying his request that it depart from the presumptive risk level to find that he is a level one sex offender. A court has the discretion to downwardly depart from the presumptive risk level when the defendant satisfies a twofold threshold showing: "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is

otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Wyatt*, 89 AD3d 112, 128 [2011]; *see People v October*, 101 AD3d 975, 975-976 [2012]). In determining whether to exercise that discretion, the court must examine "all circumstances relevant to the offender's risk of reoffense and danger to the community" (*People v Wyatt*, 89 AD3d at 128).

As specifically relevant to this case, the SORA Guidelines provide that "[a] court may choose to downwardly depart from the risk assessment 'in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [for sexual contact with the victim, risk factor 2] results in an over-assessment of the offender's risk to public safety' " (*People v Fryer*, 101 AD3d 835, 836 [2012], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 9; *see People v Goossens*, 75 AD3d 1171, 1172 [2010]). The evidence in this case proves the existence of the facts supporting this ground for departure.

It is true, as our dissenting colleague points out, that there was an 11-year difference in age between the defendant and the victim, and that the victim became pregnant as a result of the defendant's crime. We share our colleague's concern about these facts and about the significance of the age differential (*see People v Fryer*, 101 AD3d at 836). Nevertheless, the purposes of the SORA Guidelines are to assess the risk that a sex offender will reoffend and the offender's threat to public safety (*see* Correction Law § 168-l [5]). There is no evidence here that the defendant committed his crime with the intention that the victim become pregnant, so the fact that a pregnancy did result is irrelevant to the SORA risk level determination.

Moreover, the evidence at the hearing demonstrated that the defendant pays child support to the victim. While, as our dissenting colleague points out, payment of child support is a legal obligation, it was undisputed at the hearing that the defendant not only pays child support, but that he also regularly travels a significant distance to visit the child. These facts establish that the defendant truly has taken responsibility for the consequences of his crime, and not just with respect to his legal obligation. That circumstance, combined with the fact that the victim's lack of consent was due only to inability to consent by virtue of age, convinces us that the assessment of 25 points under risk factor 2 results in an over assessment of the defendant's risk to public safety (*see People v Tineo-Morales*, 101 AD3d

839, 840 [2012]; *People v Weatherley*, 41 AD3d 1238, 1239 [2007]; *cf. People v Fryer*, 101 AD3d at 836). Accordingly, a downward departure is appropriate, and the defendant is reclassified as a level one sex offender. Balkin, Chambers and Cohen, JJ., concur.

Dillon, J.P., dissents and votes to affirm the order, with the following memorandum:

I respectfully dissent from the majority's determination to reverse the order dated October 14, 2011, based upon its conclusion that the Supreme Court should have departed from the presumptive risk level and designated the defendant a level one sex offender pursuant to Correction Law article 6-C.

In a proceeding pursuant to New York's Sex Offender Registration Act (hereinafter SORA), a court is vested with discretion to downwardly depart from the presumptive risk level only after a defendant makes a two-fold showing (*see People v Benjamin*, 105 AD3d 926, 927 [2013]). First, the defendant must identify, as a matter of law, the existence of an appropriate mitigating factor, "namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines" (*People v Wyatt*, 89 AD3d 112, 128 [2011]; *see People v Romero*, 113 AD3d 605 [2014]). Second, the defendant must establish by a preponderance of the evidence the facts necessary to support the asserted mitigating factor (*see People v Benjamin*, 105 AD3d at 927; *People v Washington*, 105 AD3d 724, 725 [2013]). In the absence of such a two-fold showing, the SORA court lacks discretion to downwardly depart from the presumptive risk level (*see People v Martin*, 90 AD3d 728 [2011]).

Here, the defendant has identified the existence of an appropriate mitigating factor, as that factor is "expressly set forth in the Guidelines with regard to risk factor 2 (sexual intercourse)" (*People v Wyatt*, 89 AD3d at 129). Specifically, "Factor 2: Sexual Contact with Victim" provides, in relevant part, that "a court may choose to depart downward in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points in this category results in an over-assessment of the offender's risk to public safety" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 9).

While the defendant has shown that the victim's lack of consent was due only to her inability to consent by virtue of her age, I disagree with the majority that the defendant has established by a preponderance of the evidence the facts necessary to support the mitigating factor. Although the victim admit-

ted that the defendant had not forced her to engage in sexual intercourse, the defendant failed to demonstrate that the scoring of 25 points under risk factor 2 resulted in an over-assessment of his risk to public safety (*see People v Roldan*, 111 AD3d 909 [2013], *lv denied* 22 NY3d 862 [2014]). Indeed, the fact that the defendant was 11 years older than the victim constitutes a significant and troubling age disparity (*cf. People v Modica*, 80 AD3d 590 [2011]). This age differential, combined with the fact that the sexual encounter resulted in a pregnancy, adds to the serious nature of this matter. Moreover, after the defendant was released on probation, after having served a term of imprisonment upon being convicted of a felony sex offense arising out of these actions, he subsequently pleaded guilty to violating probation. This pattern of irresponsible and unlawful behavior manifests the defendant's propensity to place his own interests ahead of the interests of society. Finally, the fact that the defendant, after ultimately acknowledging paternity, now apparently pays child support, should not be hailed as a mitigating factor, since the payment of child support is a parent's legal obligation (*see* Family Ct Act § 413).

Under the totality of the circumstances, it cannot be said that the scoring of 25 points under risk factor 2 was an over-assessment of the defendant's risk to public safety. Since the defendant failed to establish the facts necessary to support the mitigating factor, the Supreme Court had no discretion to depart from the presumptive risk level (*see People v Violate*, 112 AD3d 899 [2013]; *People v Henry*, 106 AD3d 796 [2013]).

In any event, even if the defendant had succeeded in making the requisite two-fold showing necessary to invoke the Supreme Court's discretion, in my view, the court providently exercised its discretion in rejecting the defendant's application for a downward departure (*see People v Worrell*, 113 AD3d 742 [2014]; *People v Martinez-Guzman*, 109 AD3d 462 [2013]). Accordingly, the defendant was properly designated a level two sex offender.