Dillon, J.P.,
dissents and votes to affirm the order, with the following memorandum:
I respectfully dissent from the majority’s determination to reverse the order dated October 14, 2011, based upon its conclusion that the Supreme Court should have departed from the presumptive risk level and designated the defendant a level one sex offender pursuant to Correction Law article 6-C.
In a proceeding pursuant to New York’s Sex Offender Registration Act (hereinafter SORA), a court is vested with discretion to downwardly depart from the presumptive risk level only after a defendant makes a two-fold showing (see People v Benjamin, 105 AD3d 926, 927 [2013]). First, the defendant must identify, as a matter of law, the existence of an appropriate mitigating factor, “namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines” (People v Wyatt, 89 AD3d 112, 128 [2011]; see People v Romero, 113 AD3d 605 [2014]). Second, the defendant must establish by a preponderance of the evidence the facts necessary to support the asserted mitigating factor (see People v Benjamin, 105 AD3d at 927; People v Washington, 105 AD3d 724, 725 [2013]). In the absence of such a twofold showing, the SORA court lacks discretion to downwardly depart from the presumptive risk level (see People v Martin, 90 AD3d 728 [2011]).
Here, the defendant has identified the existence of an appropriate mitigating factor, as that factor is “expressly set forth in the Guidelines with regard to risk factor 2 (sexual intercourse)” (People v Wyatt, 89 AD3d at 129). Specifically, “Factor 2: Sexual Contact with Victim” provides, in relevant part, that “a court may choose to depart downward in an appropriate case and in those instances where (i) the victim’s lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points in this category results in an over-assessment of the offender’s risk to public safety” (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 9).
While the defendant has shown that the victim’s lack of consent was due only to her inability to consent by virtue of her age, I disagree with the majority that the defendant has established by a preponderance of the evidence the facts necessary to support the mitigating factor. Although the victim admit *684 ted that the defendant had not forced her to engage in sexual intercourse, the defendant failed to demonstrate that the scoring of 25 points under risk factor 2 resulted in an over-assessment of his risk to public safety (see People v Roldan, 111 AD3d 909 [2013], lv denied 22 NY3d 862 [2014]). Indeed, the fact that the defendant was 11 years older than the victim constitutes a significant and troubling age disparity (cf. People v Modica, 80 AD3d 590 [2011]). This age differential, combined with the fact that the sexual encounter resulted in a pregnancy, adds to the serious nature of this matter. Moreover, after the defendant was released on probation, after having served a term of imprisonment upon being convicted of a felony sex offense arising out of these actions, he subsequently pleaded guilty to violating probation. This pattern of irresponsible and unlawful behavior manifests the defendant’s propensity to place his own interests ahead of the interests of society. Finally, the fact that the defendant, after ultimately acknowledging paternity, now apparently pays child support, should not be hailed as a mitigating factor, since the payment of child support is a parent’s legal obligation (see Family Ct Act § 413).
Under the totality of the circumstances, it cannot be said that the scoring of 25 points under risk factor 2 was an over-assessment of the defendant’s risk to public safety. Since the defendant failed to establish the facts necessary to support the mitigating factor, the Supreme Court had no discretion to depart from the presumptive risk level (see People v Violate, 112 AD3d 899 [2013]; People v Henry, 106 AD3d 796 [2013]).
In any event, even if the defendant had succeeded in making the requisite two-fold showing necessary to invoke the Supreme Court’s discretion, in my view, the court providently exercised its discretion in rejecting the defendant’s application for a downward departure (see People v Worrell, 113 AD3d 742 [2014]; People v Martinez-Guzman, 109 AD3d 462 [2013]). Accordingly, the defendant was properly designated a level two sex offender.