■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKHAIL MALLAYEV, Appellant. [992 NYS2d 335]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered April 21, 2009, convicting him of murder in the first degree, conspiracy in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the indictment was not jurisdictionally defective (*see People v Iannone*, 45 NY2d 589, 598 [1978]; *People v Lakomec*, 86 AD2d 77, 79 [1982]). In light of our determination with respect to this issue, the defendant's contentions regarding the lack of a valid felony complaint have been rendered academic (*see People v Smith*, 304 AD2d 677, 678 [2003]).

Contrary to the defendant's contention, since he did not demonstrate the necessity for the appointment of an expert in eyewitness identification on his behalf pursuant to County Law § 722-c, the Supreme Court providently exercised its discretion in denying his request to appoint such an expert (*see People v Wilson*, 107 AD3d 919, 920 [2013]; *People v Robinson*, 70 AD3d 728, 728 [2010]; *People v Moore*, 125 AD2d 501, 502 [1986]). The defendant's contention that the denial of his request deprived him of due process of law is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Bunge*, 70 AD3d 710, 710-711 [2010]) and, in any event, without merit (*see People v Young*, 7 NY3d 40, 46 [2006]; *People v Lee*, 96 NY2d 157, 163 [2001]; *People v Linton*, 94 AD3d 962, 963 [2012]; *cf. People v Santiago*,

17 NY3d 661, 671-672 [2011]; *People v Abney*, 13 NY3d 251, 268 [2009]; *People v LeGrand*, 8 NY3d 449, 457 [2007]).

The defendant's contentions that the admission into evidence of certain fingerprint cards violated his constitutional rights to confront witnesses against him and to a fair trial are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit (*see People v Rawlins*, 10 NY3d 136, 158-160 [2008]; *People v Jackson*, 108 AD3d 1079, 1080 [2013]; *People v Gonsa*, 220 AD2d 27, 30 [1996]). The defendant's contention that his fingerprints were illegally seized in violation of the Fourth Amendment to the United States Constitution also is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Jackson*, 105 AD3d 866, 867-868 [2013]) and, in any event, not supported by the record.

The defendant's contention that, during summation, the prosecutor impermissibly vouched for certain prosecution witnesses is without merit. The defendant's contention that certain other comments made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Malave*, 7 AD3d 542, 542 [2004]) and, in any event, without merit (*see People v Hutchinson*, 106 AD3d 1105, 1105 [2013]; *People v McHarris*, 297 AD2d 824, 825 [2002]; *People v Evans*, 291 AD2d 569, 569 [2002]; *People v Clark*, 222 AD2d 446, 447 [1995]).

The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a " 'mixed claim[ ]' of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The defendant's contentions that his conviction should be vacated, based upon the People's failure to produce certain evidence for his inspection, that the People destroyed certain latent fingerprints, and that the People violated his due process rights under *Brady v Maryland* (373 US 83 [1963]), by failing to turn over an alleged eyewitness account, are all based upon matter

dehors the record, and cannot be reviewed on direct appeal (*see People v Modesto*, 39 AD3d 567, 567 [2007]; *People v Rivera*, 33 AD3d 942, 942 [2006]).

The defendant's remaining contentions are without merit. Dickerson, J.P., Leventhal, Hall and Miller, JJ., concur.