People v Hitchcock (2018 NY Slip Op 06773)





People v Hitchcock


2018 NY Slip Op 06773


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-08505

[*1]People of State of New York, respondent,
v
Craig Hitchcock, appellant.


Clare J. Degnan, White Plains, NY (Debra A. Cassidy of counsel), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian C. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), entered July 28, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In establishing an offender's appropriate risk level under the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), "[t]he People bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (People v Pettigrew, 14 NY3d 406, 408, quoting Correction Law § 168-n[3]; see SORA: Risk Assessment Guidelines and Commentary at 5 [2006; hereinafter Guidelines]; People v Mingo, 12 NY3d 563, 571). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see Guidelines at 5 [2006]; People v Mingo, 12 NY3d at 571-572).
The defendant's contention that the Supreme Court improperly assessed him 15 points under risk factor 11 of the risk assessment instrument based on a history of drug or alcohol abuse is unpreserved for appellate review (see People v Lowery, 140 AD3d 1141, 1142; People v Game, 131 AD3d 460, 460). In any event, the People presented clear and convincing evidence that the defendant had a history of drug and alcohol abuse (see People v Reali, 159 AD3d 1030, 1031; People v Dipilato, 155 AD3d 792, 793). Similarly, the court's assessment of 20 points under risk factor 13 was proper. The People provided clear and convincing evidence that the defendant engaged in unsatisfactory conduct by engaging in sexual misconduct while confined or supervised (see People v Anderson, 151 AD3d 767, 768; People v Dallas, 122 AD3d 698, 699).
We agree with the Supreme Court's denial of the defendant's application for a downward departure from his presumptive risk level designation, as he failed to identify and establish the existence of an appropriate mitigating factor that "tends to establish a lower likelihood of reoffense or danger to the community" and was not adequately taken into account by the Guidelines (People v Uphael, 140 AD3d 1143, 1144 [internal quotation marks omitted]; see People v Santiago, 137 AD3d 762; People v Benjamin, 105 AD3d 926; People v Martinez, 104 AD3d 924, [*2]924-925).
ROMAN, J.P., SGROI, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court