People v Medina (2018 NY Slip Op 07162)





People v Medina


2018 NY Slip Op 07162


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2014-07918

[*1]People of State of New York, respondent,
v
Johnny Medina, appellant.


The Legal Aid Society, New York, NY (Steven J. Miraglia of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (John G. Ingram, J.), dated May 16, 2014, which, after a hearing, designated him a level two sex offender and a sexual predator pursuant to Correction Law article 6-C.
ORDERED that the order is modified, on the law, by deleting the provision thereof designating the defendant a sexual predator; as so modified, the order is affirmed, without costs or disbursements.
The defendant appeals from an order designating him a level two sex offender and a sexual predator pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]).
Even assuming that the Supreme Court erred in assessing the defendant 10 points under risk factor 12 of the risk assessment instrument, subtracting these 10 points would not alter the defendant's presumptive risk level (see People v Gilmore, 159 AD3d 839, 840; People v Britton, 148 AD3d 1064, 1065, affd 31 NY3d 1019; People v Perez, 115 AD3d 919, 919-920).
The Supreme Court did not err in declining the defendant's request, made at the time of the SORA hearing, for an adjournment of the hearing and the appointment of an expert psychiatrist or psychologist to assist him in seeking a downward departure from his presumptive risk level designation. The defendant did not establish that the appointment of an expert was necessary (see County Law § 722-c; People v Linton, 94 AD3d 962, 962-963; see also People v Ganntt, 159 AD3d 986; People v James, 134 AD3d 917, 917-918).
In denying the defendant a downward departure, the Supreme Court erroneously suggested that a defendant is required to prove the existence of mitigating circumstances by clear and convincing evidence, as opposed to a preponderance of the evidence (see People v Gillotti, 23 NY3d 841, 864; People v Bowden, 88 AD3d 972, 973). However, "remittal is not required where, as here, the record is sufficient for this Court to make its own findings of fact and conclusions of law" (People v Bowden, 88 AD3d at 973). Since the defendant did not present any evidence of mitigating circumstances not adequately taken into account by the SORA Guidelines (see SORA: Risk Assessment Guidelines and Commentary [2006]), a downward departure was not warranted (see [*2]People v Gillotti, 23 NY3d at 864).
Accordingly, we agree with the Supreme Court's designation of the defendant as a level two sex offender.
However, as the People correctly concede, the Supreme Court erred in, sua sponte, designating the defendant a sexual predator. Neither the Board of Examiners of Sex Offenders nor the People had recommended such a designation, and the defendant was never afforded an opportunity to be heard on the issue of whether he should be so designated (see Correction Law § 168-n[3]; People v Manougian, 132 AD3d 746, 747; People v Hackett, 89 AD3d 1479, 1480). Accordingly, we modify the order so as to delete the provision thereof designating the defendant a sexual predator.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court