People v Perez (2023 NY Slip Op 01108)

People v Perez

2023 NY Slip Op 01108

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2019-09735

[*1]The People of the State of New York, respondent,
v
Leslie Perez, appellant. Patricia Pazner, New York, NY (Michael Arthus of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Deborah A. Dowling, J.), dated July 31, 2019, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new determination in accordance herewith.
The defendant was convicted, upon his plea of guilty, of attempted sexual abuse in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court designated the defendant a level three sexually violent offender based upon the assessment of a total of 120 points.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Levy, 192 AD3d 928, 929; see Correction Law § 168-n[3]).
Contrary to the People's contention, the Supreme Court improperly assessed 20 points under risk factor 7 (relationship with victim), since the People failed to establish by clear and convincing evidence that the defendant and the victim were strangers to each other (see People v Shephard, 101 AD3d 978). To the contrary, the People conceded that the defendant and the victim had a familial relation, which is "specifically excluded by the Commentary and by the plain language of the Guidelines" with respect to risk factor 7 (People v Cook, 29 NY3d 121, 128; see People v Rodriguez, 196 AD3d 43, 50; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006]).
Thus, 20 points must be deducted from the total risk assessment of 120 points, which places the defendant's point score within the range of a level two sexually violent offender. Nevertheless, since the record of the SORA hearing reflects that the People would have sought an upward departure had the Supreme Court not designated the defendant a level three sexually violent offender, we remit the matter to the Supreme Court, Kings County, to determine whether an upward departure is warranted and for a new determination of the defendant's risk level (see People v Lewis, 178 AD3d 971; People v Felice, 100 AD3d 609, 610).
The defendant's remaining contentions either need not be reached in light of our determination or are without merit.
CONNOLLY, J.P., CHAMBERS, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court