■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY SADLER, Appellant. [997 NYS2d 915]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated September 17, 2013, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Under the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), a court must follow three analytical steps to determine whether to downwardly depart from the presumptive risk level. First, the court must decide whether the mitigating circumstances alleged by the defendant are, as a matter of law, of a kind or to a degree not adequately taken into account by the SORA guidelines (*see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Wyatt*, 89 AD3d 112, 128 [2011]). Second, the court must decide whether the defendant has adduced sufficient evidence to meet his or her burden of proof in establishing that the alleged mitigating circumstances actually exist (*see People v Gillotti*, 23 NY3d at 861; *People v Wyatt*, 89 AD3d at 128). The defendant must prove the facts supporting a downward departure by a preponderance of the evidence (*see People v Gillotti*, 23 NY3d at 845; *People v Wyatt*, 89 AD3d at 128). If the defendant "surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (*People v Gillotti*, 23 NY3d at 861; *see People v Wyatt*, 89 AD3d at 128).

On the record presented, the County Court properly denied the defendant's request for a downward departure from his

presumptive risk level. Rivera, J.P., Skelos, Roman and Miller, JJ., concur.