■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CARTER, Appellant. [30 NYS3d 141]—

Appeal by the defendant from an order of the County Court, Nassau County (Delligatti, J.), dated February 28, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the defendant is designated a level one sex offender.

In 2012, the defendant was convicted of attempted rape in the second degree (*see* Penal Law §§ 110.00, 130.30 [1]), upon his plea of guilty. When the defendant committed the sex offense, he was 19 years old and the victim was 14 years old. It is undisputed that the victim's lack of consent was by reason of inability to consent because of her age. On the same day the defendant was sentenced, the County Court conducted a risk assessment hearing under the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA). The parties agreed that, under the risk assessment instrument (hereinafter RAI), the defendant's point total was in the range that presumptively would result in a finding that he is a level two sex offender, but they disagreed as to the precise number of points he should be assessed. The County Court declined the defendant's request that it depart downwardly, and it designated the defendant a level two sex offender.

The defendant's main contention on this appeal is that the court improvidently exercised its discretion in declining to downwardly depart from the presumptive risk level and designate him a level one sex offender.

With respect to departures generally, the Board of Examin-

ers of Sex Offenders (hereinafter the Board) has stated its expectation that despite the availability of departures, the point assessments on the RAI "will result in the proper classification in most cases so that departures will be the exception—not the rule" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *see People v Agard*, 35 AD3d 568, 568 [2006]). As to downward departures, a defendant must identify, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (hereinafter the Guidelines). The defendant must then prove the existence of that factor in the case by a preponderance of the evidence (*see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Marsh*, 116 AD3d 680, 681-682 [2014]; *People v Wyatt*, 89 AD3d 112, 128 [2011]). If the defendant satisfies that burden, a downward departure becomes a matter of discretion for the court. In determining whether to downwardly depart, the court must examine all the relevant circumstances (*see People v Gillotti*, 23 NY3d at 861; *People v Marsh*, 116 AD3d at 682; *People v Wyatt*, 89 AD3d at 128).

In cases of statutory rape, the Board has long recognized that strict application of the Guidelines may in some instances result in overassessment of the offender's risk to public safety. After initially attempting to account for this likelihood by providing precise exceptions to the assessment of points for risk factor 2 (sexual contact with victim) (*see* Guidelines at 9 [Jan. 1996]), the Board adopted a broader approach (*see* Guidelines at 9 [Nov. 1997]). The current edition of the Guidelines provide that "[t]he Board or a court may choose to depart downward in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points in this category results in an over-assessment of the offender's risk to public safety" (Guidelines at 9 [2006]).

Here, considering all of the circumstances, especially the five-year age difference between the defendant and the victim (*see People v Goossens*, 75 AD3d 1171, 1172 [2010]; *People v Brewer*, 63 AD3d 1604, 1605 [2009]; *People v Weatherley*, 41 AD3d 1238, 1239 [2007]), as well as the fact that the RAI placed the defendant near the low end of the range applicable to a presumptive level two designation—the proper point total was 80—we conclude that the assessment of 25 points under

risk factor 2 results in an overassessment of the defendant's risk to public safety (*see People v Marsh*, 116 AD3d at 681-682). Accordingly, a downward departure was appropriate and the defendant should have been reclassified as a level one sex offender. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.