■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILMER CALLE-CALLE, Appellant. [41 NYS3d 911]—Appeal by the defendant from an order of the Supreme Court, Kings County (Cyrulnik, J.), dated March 25, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Under the Sex Offender Registration Act (Correction Law art 6-C), a defendant requesting a downward departure from that defendant's presumptive risk level "must identify, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006)" (*People v Carter*, 138 AD3d 706, 707 [2016]; *see People v Gillotti*, 23 NY3d 841, 861 [2014]). "The defendant must then prove the existence of that factor in the case by a preponderance of the evidence" (*People v Carter*, 138 AD3d at 707; *see People v Gillotti*, 23 NY3d at 861). "If the defendant satisfies that burden, a downward departure becomes a matter of discretion for the court. In determining whether to downwardly depart, the court must examine all the relevant circumstances" (*People v Carter*, 138 AD3d at 707; *see People v Gillotti*, 23 NY3d at 861). Here, the Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level, and, thus, properly designated him a level two sex offender (*see People v Vizcarra*, 138 AD3d 815, 816 [2016]; *People v Sadler*, 124 AD3d 613, 613-614 [2015]). Dillon, J.P., Leventhal, Cohen and Miller, JJ., concur.