■ The People of the State of New York, Respondent, v Jason Walker, Appellant. [45 NYS3d 153]—

Appeal by the defendant from an order of the Supreme Court,

Kings County (Brennan, J.), dated October 13, 2015, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level one sex offender.

The defendant was convicted of rape in the second degree (*see* Penal Law § 130.30 [1]), upon his plea of guilty. It is undisputed that the victim's lack of consent was solely by reason of inability to consent because of her age. At a subsequent risk assessment hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant did not challenge his score of 95 points under the risk assessment instrument (hereinafter RAI), which presumptively would result in a finding that he is a level two sex offender. However, the defendant requested a downward departure. The Supreme Court declined his request and designated him a level two sex offender. The defendant's sole contention on this appeal is that the court improvidently exercised its discretion in declining to downwardly depart from the presumptive risk level and designate him a level one sex offender.

With respect to departures generally, the Board of Examiners of Sex Offenders (hereinafter the Board) has stated its expectation that despite the availability of departures, the point assessments on the RAI "will result in the proper classification in most cases so that departures will be the exception—not the rule" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; *see People v Boyd*, 121 AD3d 658, 658 [2014]; *People v Guaman*, 8 AD3d 545 [2004]). With respect to downward departures, a defendant must identify, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines. The defendant must then prove the existence of that factor in the case by a preponderance of the evidence (*see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Carter*, 138 AD3d 706, 707 [2016]; *People v Wyatt*, 89 AD3d 112, 128 [2011]).

In cases of statutory rape, the Board has long recognized that strict application of the Guidelines may in some instances result in overassessment of the offender's risk to public safety. The Guidelines provide that the Board or a court may choose to depart downward in an appropriate case and in those

instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age, and (ii) scoring 25 points under risk factor 2, for sexual contact with the victim, "results in an over-assessment of the offender's risk to public safety" (Guidelines at 9; *see People v Carter*, 138 AD3d at 707; *People v Wyatt*, 89 AD3d at 129).

Considering all of the circumstances present here, including that this offense is the only sex-related crime in the defendant's history, his conduct while incarcerated has been acceptable, and he has completed at least one recommended treatment program, the assessment of 25 points under risk factor 2 results in an overassessment of the defendant's risk to public safety (*see People v George*, 141 AD3d 1177, 1178 [2016]; *People v Carter*, 138 AD3d at 707-708; *People v Marsh*, 116 AD3d 680, 681-682 [2014]; *cf. People v Burke*, 68 AD3d 1175, 1175 [2009]). Accordingly, a downward departure was appropriate, and the defendant should have been designated a level one sex offender. Hall, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.