■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDY FESSEL, Appellant. [50 NYS3d 885]—Appeal by the defendant from an order of the Supreme Court, Kings County (Foley, J.), dated July 30, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The Sex Offender Registration Act: Risk Assessment Guide-

lines and Commentary (2006) (hereinafter Guidelines) contain four overrides that automatically result in a presumptive risk assessment of level three (*see* Guidelines at 3-4; *People v Champagne*, 140 AD3d 719, 719 [2016]). "The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (*People v Lobello*, 123 AD3d 993, 994 [2014]; *see* Correction Law § 168-n [3]). In this case, the People proved by clear and convincing evidence the applicability of the first override based on the defendant's prior felony sex offense conviction (*see People v Champagne*, 140 AD3d at 720). "[O]nce the People have sustained their burden of proving the applicability of an override, 'a SORA court is not possessed of any discretion in determining whether to apply [an] override; the application of the override is automatic' " (*People v Broadus*, 142 AD3d 595, 595-596 [2016], quoting *People v Gordon*, 133 AD3d 835, 836 [2015]).

Although a court may depart from the presumptive risk level where the circumstances warrant that departure (*see People v Broadus*, 142 AD3d at 596), here, the Supreme Court properly denied the defendant's application for a downward departure (*see People v Calle-Calle*, 145 AD3d 804 [2016]; *People v Vizcarra*, 138 AD3d 815, 816 [2016]; *People v Sadler*, 124 AD3d 613, 613-614 [2015]).

Accordingly, the Supreme Court correctly designated the defendant a level three sex offender. Leventhal, J.P., Cohen, LaSalle and Barros, JJ., concur.