People v Cox (2018 NY Slip Op 00575)





People v Cox


2018 NY Slip Op 00575


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
LINDA CHRISTOPHER, JJ.


2015-10135

[*1]People of State of New York, respondent,
v
Gary Cox, appellant.


Paul Skip Laisure, New York, NY (Samuel Brown of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Walker Halstad on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated September 23, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant appeals from his designation as a level three sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA).
The Supreme Court properly determined that the defendant was presumptively a level three sex offender as a result of the automatic override resulting from his two prior felony convictions for sex crimes (see People v Locklear, 154 AD3d 888, 889; People v Fessel, 149 AD3d 1113, 1114).
The Supreme Court also providently exercised its discretion in denying the defendant's application, in effect, for a downward departure from his presumptive risk level designation. To the extent that the defendant contends that he was entitled to a downward departure as a result of his unblemished prison disciplinary record, his contention is unpreserved for appellate review, as he did not rely on this factor before the Supreme Court (see People v Cosby, 154 AD3d 789, 790; People v Jara, 150 AD3d 1159). In any event, even assuming that the factors identified by the defendant constituted mitigating circumstances not adequately taken into account by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006), the totality of the circumstances did not warrant a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d 841, 861; People v Goldman, 150 AD3d 905, 906-907).
HALL, J.P., AUSTIN, SGROI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court