People v Soto (2019 NY Slip Op 01184)





People v Soto


2019 NY Slip Op 01184


Decided on February 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2019

Richter, J.P., Manzanet-Daniels, Kapnick, Gesmer, Oing, JJ.


8438 2239/15

[*1]The People of the State of New York, Respondent,
v
Fabian Soto, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), and Arnold & Porter Kaye Scholer LLP, New York (Stephanna Szotkowski of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sabrina Margret Bierer of counsel), for respondent.



Appeal from order, Supreme Court, New York County (Thomas Farber, J.), entered on or about September 21, 2017, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), held in abeyance, and the matter remanded for a further hearing consistent with this decision on defendant's request for a downward departure.
In People v Gillotti (23 NY3d 841 [2014]), the Court of Appeals outlined a three-step process for determining whether to grant a defendant's request for a downward departure. First, the hearing court is to determine whether alleged mitigating circumstances are "of a kind or degree not adequately taken into account by the guidelines" (id. at 861). If so, the court applies a preponderance of the evidence standard (id. at 863) to determine whether the defendant has proven the existence of those circumstances (id. at 861). Finally, if the first two steps are satisfied, the court must "exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants" a downward departure to avoid an overassessment of the defendant's dangerousness and risk of sexual reoffense (id.).
While not entirely clear on this point, the decision of the hearing court in this case suggests that, in this case of statutory rape, the court considered itself bound, as a matter of law, to conclude that the various details of the offense urged as mitigating circumstances by defendant were adequately accounted for by the guidelines. Thus, the court appeared to consider itself unable to engage in the discretionary weighing prescribed in Gillotti's third step. To the extent that the court acted based on this reasoning, it operated on an inaccurate premise that is contradicted by numerous cases that have granted downward departures in a similar context (see e.g. People v Carter, 138 AD3d 706 [2d Dept 2016]), as well as the Guidelines themselves (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 9 [2006]).
"In cases of statutory rape, the Board has long recognized that strict application of the Guidelines may in some instances result in overassessment of the offender's risk to public safety" (Carter, 138 AD3d at 708). Accordingly, the fact that in such a case the offender is not assessed any points for force or injury should not be the end of the discussion of whether to grant a downward departure.
Accordingly, we hold the appeal in abeyance and remand for further proceedings in accordance with this guidance.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 19, 2019
CLERK