People v Fisher (2019 NY Slip Op 07893)





People v Fisher


2019 NY Slip Op 07893


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-12768

[*1]People of State of New York, respondent, 
v
Joel Fisher, appellant. Paul Skip Laisure, New York, NY (William Kastin of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ruth E. Ross of counsel; Marielle Burnett on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Deborah Dowling, J.), dated May 3, 2018. The order, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the defendant is designated a level one sex offender.
In July 2014, the defendant was convicted of sexual misconduct (Penal Law § 130.20[2]), upon his plea of guilty. When the defendant committed the sex offense, he was 19 years old and the victim was 13 years old. It is undisputed that the victim's lack of consent was solely by reason of inability to consent because of her age. On the same day the defendant was sentenced, the Supreme Court conducted a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA). The Board of Examiners of Sex Offenders (hereinafter the Board) assessed the defendant a total of 95 points, which, if accepted by the court, would have made him a presumptive level two sex offender. The court deducted the 15 points assessed under risk factor 11 for history of drug or alcohol abuse, thereby reducing the defendant's overall score to 80 points, which score did not alter the defendant's presumptive risk level. The court declined the defendant's request to downwardly depart from the presumptive risk level and designated him a level two sex offender. On appeal, the defendant's sole contention is that the court improvidently exercised its discretion in declining to downwardly depart from the presumptive risk level and designate him a level one sex offender.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter the Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism [*2](see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
In cases of statutory rape, the Board has long recognized that strict application of the Guidelines may in some instances result in overassessment of the offender's risk to public safety. The Guidelines provide that "[t]he Board or a court may choose to depart downward in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points in this category results in an over-assessment of the offender's risk to public safety" (Guidelines at 9; see People v Walker, 146 AD3d 824, 825-826; People v Carter, 138 AD3d 706, 707).
Considering all of the circumstances present here, including that this offense is the only sex-related crime in the defendant's history, as well as the fact that the defendant's overall score of 80 points, as reduced by the Supreme Court, was near the low end of the range applicable to a presumptive level two designation (75 to 105 points), the assessment of 25 points under risk factor 2 results in an overassessment of the defendant's risk to public safety (see People v Walker, 146 AD3d at 826; People v Carter, 138 AD3d at 707-708; People v Marsh, 116 AD3d 680, 681-682). Accordingly, a downward departure was appropriate, and the defendant should have been designated a level one sex offender.
BALKIN, J.P., CHAMBERS, COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court