People v Brocato (2020 NY Slip Op 06295)





People v Brocato


2020 NY Slip Op 06295


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-04620

[*1]People of State of New York, respondent,
v
Anthony Brocato, appellant.


Bennet Goodman, Bronxville, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated March 22, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, and the defendant is designated a level one sex offender.
In July of 2015, the defendant was convicted in Louisiana of two counts of felony carnal knowledge of a juvenile, which is committed when a person who is at least 17 years of age has sexual intercourse, "with consent," with a person who is 13 to 16 years of age, when the victim is not the spouse of the offender, and the difference between the age of the victim and the age of the offender is four years or greater (La R.S. § 14:80). He was placed on one year of probation. The defendant committed the subject offenses when he was 22 years old and living in Louisiana. One night, while at a party in Louisiana, he engaged in sexual intercourse with the victims, aged 15 and 16, respectively. By the victims' own accounts, they initiated the encounter and were willing participants. The defendant became subject to New York State's Sex Offender Registration Act (Correction Law § 168 et seq.; hereinafter SORA) upon moving to New York in June 2017. In 2019, the Supreme Court conducted a SORA hearing and designated the defendant a level two sex offender, based upon an assessment of 90 points on the risk assessment instrument, declining to depart from the presumptive risk assessment level. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offener Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006][hereinafter the Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a [*2]departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
"In cases of statutory rape, the Board has long recognized that strict application of the Guidelines may in some instances result in overassessment of the offender's risk to public safety. The Guidelines provide that '[t]he Board or a court may choose to depart downward in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points in this category [risk factor 2, for sexual contact with the victim] results in an over-assessment of the offender's risk to public safety'" (People v Fisher, 177 AD3d 615, 616, quoting Guidelines at 9; see People v Walker, 146 AD3d 824, 825-826; People v Carter, 138 AD3d 706, 707).
Considering all of the circumstances present here, including that this offense is the only sex-related crime in the defendant's history, the defendant accepted responsibility for his crimes and was sentenced minimally in Louisiana, the assessment of 25 points under risk factor 2 results in an overassessment of the defendant's risk to public safety (see People v Fisher, 177 AD3d at 616; People v Walker, 146 AD3d at 826; People v Carter, 138 AD3d at 707-708; People v Marsh, 116 AD3d 680, 681—682). Accordingly, a downward departure was appropriate, and the defendant should have been designated a level one sex offender.
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court