People v Cerasaro (2022 NY Slip Op 03131)

People v Cerasaro

2022 NY Slip Op 03131

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.

2019-12109

[*1]The People of the State of New York, respondent,
v
Michael Cerasaro, appellant. Kelley M. Enderley, Poughkeepsie, NY, for appellant.

William V. Grady, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Edward T. McLoughlin, J.), dated September 24, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) promulgated by the Board of Examiners of Sex Offenders contain four overrides that automatically result in a presumptive risk assessment of level three (see People v Champagne, 140 AD3d 719, 719). "The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (People v Lobello, 123 AD3d 993, 994; see Correction Law § 168-n[3]).
Here, the People established by clear and convincing evidence that an automatic override resulting in a presumptive risk assessment of level three for the defendant was warranted based on the defendant's prior felony sex offense conviction in May 2007 (see People v Fessel, 149 AD3d 1113, 1114; People v Champagne, 140 AD3d at 720).
Although a court may nevertheless depart from the presumptive risk level "where the circumstances warrant such a departure" (People v Johnson, 135 AD3d 720, 721), here the defendant failed to assert any mitigating circumstances (see e.g. People v Champagne, 140 AD3d at 720).
Accordingly, the County Court correctly designated the defendant a level three sex offender.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court