People v Centeno (2022 NY Slip Op 06275)

People v Centeno

2022 NY Slip Op 06275

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-07495

[*1]The People of the State of New York, respondent,
v
Steven M. Centeno, appellant. Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Alfred Croce of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Richard Ambro, J.), dated May 13, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of promoting prostitution in the third degree and sexual misconduct. The defendant committed the subject offenses when he was 21 years old. Between January 16 and 18, 2018, the defendant transported two victims, aged 16 and 17, to have sex with two men for financial gain. The defendant also engaged in oral sex with the 16-year-old victim. In 2020, the County Court conducted a hearing pursuant to the Sex Offender Registration Act (Correction Law article 6-C), and designated the defendant a level two sex offender based upon an assessment of 85 points on the risk assessment instrument, declining to depart from the presumptive risk assessment level. The defendant appeals.
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Brocato, 188 AD3d 728, 728, quoting People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Brocato, 188 AD3d at 728-729; see People v Gillotti, 23 NY3d at 861).
"'In cases of statutory rape, the Board has long recognized that strict application of the Guidelines may in some instances result in overassessment of the offender's risk to public safety'" (People v Brocato, 188 AD3d at 729, quoting People v Fisher, 177 AD3d 615, 616). The Guidelines provide that "a court may choose to depart downward in an appropriate case and in those [*2]instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points in this category results in an over-assessment of the offender's risk to public safety" (Guidelines at 9).
Here, the defendant identified, and proved the existence of, an appropriate mitigating factor for a downward departure from his presumptive risk level, namely, that "the victim's lack of consent [to sexual contact was] due only to [an] inability to consent by virtue of age" (Guidelines at 9; see People v Collins, 188 AD3d 1107, 1108). Nevertheless, the County Court providently exercised its discretion in determining that a downward departure was not warranted in light of, among other things, the defendant's subsequent intimidation of the victim into engaging in prostitution (see People v Collins, 188 AD3d at 1108; cf. People v Brocato, 188 AD3d at 728; People v Walker, 146 AD3d 824, 826).
Furthermore, while a defendant's response to a sex offender treatment program may qualify as a ground for a downward departure where the defendant's response to treatment is exceptional (see People v McClendon, 175 AD3d 1329, 1131; People v Wallace, 144 AD3d 775, 776), the defendant here failed to submit any evidence of his purported achievements while incarcerated (cf. People v Diaz, 180 AD3d 817, 818).
Accordingly, the County Court providently exercised its discretion in designating the defendant a level two sex offender.
DUFFY, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court