People v Hernandez (2023 NY Slip Op 00451)

People v Hernandez

2023 NY Slip Op 00451

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-07234

[*1]The People of the State of New York, respondent,
v
Daniel Hernandez, appellant. Stacy E. Albin-Leone, Long Beach, NY, for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Thomas C. Costello of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Timothy P. Mazzei, J.), dated June 4, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, and the defendant is designated a level one sex offender.
The defendant was convicted on May 30, 2012, of rape in the third degree under Penal Law § 130.25(2), a class E felony, for conduct that occurred in or around December 2011, when the defendant was between 22 and 23 years old. It is undisputed that the victim's lack of consent was solely by reason of inability to consent because of her age. Based on this conviction, the defendant was designated a level one sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA).
Approximately one year later, a probation officer examined the defendant's phone and found a video depicting sexual conduct between the defendant and the same underaged individual with whom the defendant had an ongoing relationship in December 2011, and for which he had been convicted of rape in the third degree. As a result, on March 19, 2014, the defendant was convicted, upon his plea of guilty, to one count of possessing a sexual performance by a child under Penal Law § 263.16, a class E felony, and he was sentenced to a term of imprisonment of 1½ to 3 years.
On June 4, 2020, a hearing was held to determine the defendant's risk level pursuant to SORA. The defendant scored only 60 points on a risk assessment instrument, which would ordinarily result in a presumptive finding that he is a level one sex offender. Neither the People nor the defendant disputed the points assessment. However, the People asked the County Court to designate the defendant a level three sex offender based on an automatic override for his prior felony conviction for rape in the third degree. The defendant requested a downward departure to level one, arguing that the override to level three would result in overassessment of the defendant's risk level. The court did not make any findings with respect to the defendant's request for a downward departure and designated him a level three sex offender based on the override. The defendant appeals.
The County Court failed to set forth findings and conclusions of law, as mandated by Correction Law § 168-n(3). However, remittal is not required since the record in this case is sufficient for this Court to make its own findings of fact and conclusions of law (see People v McDaniel, 189 AD3d 1279, 1279; People v Vega, 79 AD3d 718, 719).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; hereinafter Guidelines). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
In cases involving a charge of rape arising out of the age of the victim, the Board of Examiners of Sex Offenders "has long recognized that strict application of the Guidelines may in some instances result in overassessment of the offender's risk to public safety" (People v Walker, 146 AD3d 824, 825; see Guidelines at 4; see also People v George, 141 AD3d 1177, 1178; People v Marsh, 116 AD3d 680).
Here, the unusual circumstances established by the defendant (see People v Mingo, 12 NY3d 563, 572-573) are not accounted for by the Guidelines and tend to demonstrate a lower likelihood of reoffense and danger to the community. With respect to the first felony conviction serving as a predicate for the override, rape in the third degree, the People acknowledged that the victim's lack of consent was solely by reason of inability to consent because of her age. Further, the record reflects that conduct underlying this crime was an ongoing relationship between the defendant and the victim. During this relationship, a video depicting sexual conduct between the defendant and the victim was taken. This video, depicting the same conduct for which the defendant was convicted of rape in the third degree and designated a level one sex offender, was discovered by a probation officer approximately a year later, and served as the basis for the defendant's second sex-related felony conviction, possessing a sexual performance by a child.
Further, under all the circumstances present here, a departure to a level one risk designation is warranted as a matter of discretion "to avoid an [overassessment] of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861; see People v Walker, 146 AD3d at 825-826; People v Marsh, 116 AD3d 680).
DUFFY, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court