People v Betances (2023 NY Slip Op 50300(U))

[*1]

People v Betances (Rafael)

2023 NY Slip Op 50300(U) [78 Misc 3d 130(A)]

Decided on March 30, 2023

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 30, 2023
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, JAMES P.
McCORMACK, JJ

2021-233 W C

The People of the State of New
York, Respondent,
against
Rafael Betances, Appellant. 

Scott M. Bishop, for appellant.

Westchester County District Attorney (Shea Scanlon Lomma and William C. Milaccio of
counsel), for respondent.

Appeal from an order of the City Court of Yonkers, Westchester County (Daniel P.
Romano, J.), entered March 18, 2021. The order, after a hearing, designated defendant a
level two sex offender pursuant to Correction Law article 6-C.

ORDERED that the order is affirmed, without costs.
In the underlying criminal action, it was alleged that, on three separate occasions
between July 1, 2018 and November 1, 2018, defendant, who was then between 23 and
24 years old, sexually abused his step-sister, K.D., who was then between 15 and 16
years old. On September 23, 2020, defendant pleaded guilty to a charge of sexual
misconduct.
At a Sex Offender Registration Act (SORA) hearing, the People established that, in
July 2018, defendant touched K.D.'s vagina with his hand, held her down by her
shoulders, and put his penis in her vagina. Later that month, he instructed her to undress,
but she refused. Defendant pulled down her pants, leaned her on the bed, and put his
penis in her vagina from behind her, continuing after she told him to stop. In October
2018, defendant put his penis in [*2]K.D.'s face, removed
her clothing, and had vaginal intercourse with her. He also sent her texts with messages
stating he loved her and texts with photographs of his penis attached. Defendant was
assessed 25 points under risk factor 2 (sexual intercourse); 20 points under risk factor 4
(duration of offense); 20 points under risk factor 5 (age of victim); 30 points under risk
factor 9 (prior conviction) and 10 points under risk factor 15 (living situation). Defense
counsel successfully challenged the points the People sought to have assessed under risk
factors 1 (use of violence), 11 (drug or alcohol abuse), and 12 (acceptance of
responsibility). Defendant was designated a presumptive level two sex offender based on
a total score of 105 points. Defendant's attorney initially stated that she was not seeking a
downward departure, but then asked the court to consider one, arguing that defendant's
stable employment, lack of conviction of similar crimes, and guilty plea to a
misdemeanor warranted a finding that he was more appropriately deemed a level one sex
offender. The City Court denied the request.
On appeal, defendant contends that he was denied the right to the effective assistance
of counsel because his counsel failed to request a downward departure, after defendant
was assessed 25 points under risk factor 2, because the victim's lack of consent was due
only to her inability to consent by virtue of her age.
" 'A sex offender facing risk level classification under SORA has a right to the
effective assistance of counsel' " (People v Lyons, 199 AD3d 722, 724 [2021], quoting People v Willingham, 101
AD3d 979, 979 [2012]). A downward departure may be warranted where the
victim's lack of consent is due only to an inability to consent by virtue of age, and scoring
25 points under risk factor 2, for sexual contact with the victim, results in an
overassessment (see Sex Offender Registration Act: Risk Assessment Guidelines
and Commentary at 9; People v
Fisher, 177 AD3d 615 [2019]; People v Walker, 146 AD3d 824 [2017]).
Here, considering the particular circumstances of defendant's sexual conduct toward
the victim and his familial relationship to her, defendant failed to demonstrate that the
victim's lack of consent was due only to her inability to consent by virtue of her age(see People v Blount, 195
AD3d 956 [2021]). The clear and convincing evidence established that the victim
told defendant to stop but he did not, and that she refused to undress at his command.
Additionally, a downward departure is not warranted on this ground considering, among
other things, the age disparity between defendant and the victim (see People v Garner, 163
AD3d 1009 [2018]; People
v Moore, 63 Misc 3d 141[A], 2019 NY Slip Op 50596[U] [App Term, 1st Dept
2019]). While defense counsel did not request a downward departure on the specific
ground raised on appeal, defense counsel's omission was not so egregious and prejudicial
as to have deprived defendant of the effective assistance of counsel under either the
federal or state standard (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Bowles, 89 AD3d
171 [2011]; see also Strickland v Washington, 466 US 668 [1084]). Had
counsel made this argument at the hearing, it cannot be said that it would have been
successful and resulted in a different outcome (see People v Wolbert, 207 AD3d 483 [2022]; see also
Strickland, 466 US at 694).
Accordingly, the order is affirmed.
GARGUILO, P.J., DRISCOLL and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 30, 2023