People v Colindres (2023 NY Slip Op 03022)

People v Colindres

2023 NY Slip Op 03022

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2022-02913

[*1]The People of the State of New York, respondent,
v
Nahum Bustillo Colindres, appellant.

Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Christopher Turk and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated March 10, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted rape in the second degree (see Penal Law § 130.30[1]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court designated the defendant a level three sex offender based upon the assessment of a total of 110 points on the risk assessment instrument. On appeal, the defendant contends that the court should have granted his application for a downward departure from the presumptive risk level because the victim's lack of consent was due solely to her inability to consent by virtue of her age.
A defendant seeking a downward departure from a presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Brocato, 188 AD3d 728, 728-729).
"In cases of statutory rape, the Board [of Examiners of Sex Offenders] has long recognized that strict application of the Guidelines may in some instances result in overassessment of the offender's risk to public safety" (People v Fisher, 177 AD3d 615, 616). "The Guidelines provide that 'a court may choose to depart downward in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [under risk factor 2 of the risk assessment instrument] results in an over-[*2]assessment of the offender's risk to public safety'" (People v Centeno, 210 AD3d 812, 813, quoting Guidelines at 9). Here, a downward departure is not warranted on this ground considering, among other things, the age disparity between the then 24-year-old defendant and the then 14-year-old victim (see People v Permenter, 208 AD3d 905, 907; People v Garner, 163 AD3d 1009, 1009-1010; People v Anderson, 137 AD3d 988, 989; People v Fryer, 101 AD3d 835, 836).
Accordingly, the County Court properly denied the defendant's application for a downward departure from the presumptive risk level and designated him a level three sex offender.
BRATHWAITE NELSON, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court