People v Rivera (2025 NY Slip Op 00467)

People v Rivera

2025 NY Slip Op 00467

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-02750

[*1]The People of the State of New York, respondent,
v
Marco J. Rivera, appellant. Samuel S. Coe, White Plains, NY, for appellant.

David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Orange County (Hyun Chin Kim, J.), dated January 17, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the defendant is designated a level one sex offender.
The defendant was charged with rape in the second degree (two counts) (Penal Law § 130.30[1]) and endangering the welfare of a child (three counts) (id. § 260.10[1]) based upon conduct that occurred when he was between 19 and 20 years old with a victim who was 14 years old. In 2022, the defendant pleaded guilty to attempted rape in the second degree (id. §§ 110.00, 130.30[1]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant a total of 75 points on the risk assessment instrument, denied his application for a downward departure from his presumptive risk level, and designated him a level two sex offender. On appeal, the defendant, inter alia, challenges the court's assessment of 10 points under risk factor 8 (age at first sex offense) and, alternatively, contends that the court improperly denied his application for a downward departure because, among other things, the victim's lack of consent was due solely to her inability to consent by virtue of her age.
The defendant's contention that the County Court improperly assessed 10 points under risk factor 8 is unpreserved for appellate review, since the defendant did not object to the assessment of these points at the SORA hearing (see People v Melendez, 210 AD3d 1121, 1122). In any event, the court properly assessed the defendant 10 points under risk factor 8 based on his age at the time that he committed the instant offense (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13 [2006] [hereinafter Guidelines]; see People v Leake, 167 AD3d 786, 787; People v Quinn, 99 AD3d 776).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Guidelines at 4; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing [*2]the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Tirado, 165 AD3d 991, 992; see People v Gillotti, 23 NY3d at 861).
"In cases of statutory rape, the Board [of Examiners of Sex Offenders] has long recognized that strict application of the Guidelines may in some instances result in overassessment of the offender's risk to public safety" (People v Fisher, 177 AD3d 615, 616; see People v Colindres, 217 AD3d 689, 689-690). The Guidelines provide that "[t]he Board or a court may choose to depart downward in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [under risk factor 2, sexual contact with the victim,] results in an over-assessment of the offender's risk to public safety" (id. at 9; see People v Colindres, 217 AD3d at 690; People v Maldonado-Escobar, 196 AD3d 655, 656).
Here, considering all of the circumstances, including the five-year age difference between the defendant and the victim, the fact that the defendant's overall score of 75 points was near the low end of the range applicable to a presumptive level two designation, and that the subject offense is the only sex-related crime in the defendant's history, the assessment of 25 points under risk factor 2 results in an overassessment of the defendant's risk to public safety (see People v Maldonado-Escobar, 196 AD3d 655; People v Fisher, 177 AD3d at 616; People v Carter, 138 AD3d 706, 707-708). Accordingly, a downward departure is warranted, and the defendant should be designated a level one sex offender.
The defendant's remaining contentions are unpreserved for appellate review, and we decline to review them in the exercise of our interest of justice jurisdiction.
IANNACCI, J.P., CHRISTOPHER, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court