People v Trimboli (2025 NY Slip Op 01841)

People v Trimboli

2025 NY Slip Op 01841

Decided on March 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 27, 2025

CR-24-0075
[*1]The People of the State of New York, Respondent,
v
Kyle Trimboli, Appellant.

Calendar Date:February 18, 2025

Before:Clark, J.P., Ceresia, Fisher, McShan and Mackey, JJ.

Danielle Neroni Reilly, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Jesse L. Ashdown of counsel), for respondent.

Ceresia, J.
Appeals (1) from a judgment of the County Court of Saratoga County (James Murphy III, J.), rendered August 1, 2023, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree, and (2) from an amended order of said court, entered October 23, 2023, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In April 2023, defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with sexual abuse in the first degree. The charge stemmed from an incident that occurred between September 2010 and October 2010 wherein defendant (then 16 years old) subjected a relative (then less than 10 years old) to sexual contact by forcible compulsion. Defendant's conduct came to light in September 2022 when he disclosed the incident during an interview for a position in law enforcement. The People offered to permit defendant to plead guilty to the charged crime with the understanding that he would be sentenced to 60 days in jail, to be followed by 10 years of probation. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the agreement, and the matter was adjourned for sentencing. After reviewing the presentence report and considering the parties' respective arguments relative to defendant's request for youthful offender treatment, County Court denied defendant's request and imposed the agreed-upon sentence.
In connection therewith, the People prepared a risk assessment instrument that presumptively classified defendant as a risk level two sex offender (85 points) pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) and sought to designate defendant as a sexually violent offender. During the risk classification hearing that followed, defendant contested the points assessed under certain of the risk factors and sought a downward departure from the presumptive risk level classification. At the conclusion of the hearing, County Court classified defendant as a risk level two sex offender with a sexually violent offender designation and denied defendant's request for a downward departure. These appeals ensued.
Defendant initially contends — in the context of his appeal from the judgment of conviction — that he did not validly waive his right to appeal and, therefore, the denial of his request for youthful offender treatment is properly before this Court (see e.g. People v Gotham, 202 AD3d 1157, 1157-1158 [3d Dept 2022], lv denied 38 NY3d 950 [2022]). In light of our recent decision in People v Lunt (232 AD3d 1054, 1056 [3d Dept 2024]), which involved an identical written appeal waiver and a substantially similar oral colloquy, we agree that defendant's waiver of the right to appeal is invalid. That said, we discern no basis upon which to disturb County Court's discretionary denial of defendant's request for youthful offender treatment, as County Court's [*2]determination complied with the statutory procedures (see CPL 720.20) and was rendered after reviewing the detailed presentence report and supporting materials and giving due consideration to all of the underlying circumstances (see People v Cruickshank, 105 AD3d 325, 333-334 [3d Dept 1985], affd sub nom. People v Dawn Maria C., 67 NY2d 625 [1986]).
With respect to defendant's risk level classification, "there is no question that defendant was entitled to the effective assistance of counsel at the [underlying] hearing" (People v Eason, 233 AD3d 1194, 1195 [3d Dept 2024]), but we find no merit to his claim that he was denied meaningful representation. "To establish a claim of ineffective assistance of counsel, a defendant is required to demonstrate that he or she was not provided meaningful representation and that there is an absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct. A defendant seeking a downward departure must demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Bellinger, 233 AD3d 1331, 1333 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; see People v Eason, 233 AD3d at 1195-1196).
The crux of defendant's argument on this point is that counsel did not highlight defendant's lack of a prior criminal history and the length of time that he had remained offense-free, as well as the fact that defendant scored at the "low end" of a risk level two classification and would be supervised as a result of his probation term. However, defendant's lack of criminal history and supervision/release environment were taken into account by the risk assessment instrument, as evidenced by the fact that he was not assessed any points under risk factors 9 or 14 (see People v Bellinger, 233 AD3d at 1334; see also People v Pardee, 230 AD3d 41, 48 [3d Dept 2024] [risk factor 14], lv denied 42 NY3d 909 [2024]; People v Stammel, 227 AD3d 1322, 1325 [3d Dept 2024] [risk factor 9]). To the extent that defendant's risk factor score, which was near the low end of the range applicable to a presumptive risk level two classification, and the length of time that he had remained at liberty without committing additional crimes were relevant considerations (see People v Wildman, 231 AD3d 1066, 1067 [2d Dept 2024]; People v Carter, 138 AD3d 706, 707 [2d Dept 2016]), defendant's score was apparent from the face of the risk assessment instrument, and defendant's post-offense behavior — standing alone — would be insufficient under the circumstances to warrant a downward departure. Defendant's argument in this regard also overlooks the fact that counsel contested certain of the points assessed before deferring to defendant's statement in support of his request for a downward departure. Upon due consideration of all of the relevant circumstances, we are satisfied that defendant received meaningful [*3]representation and, further, that County Court did not abuse its discretion in classifying defendant as a risk level two sex offender.
Clark, J.P., Fisher, McShan and Mackey, JJ., concur.
ORDERED that the judgment and the amended order are affirmed.